UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 24-01594-MWF (PVCx) | Date: November 7, 2024 |
| Title: Johnnie Woods v. Ford Motor Company, et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Amy Diaz |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [12]

Before the Court is Plaintiff Johnnie Woods' Motion to Remand, filed on September 5, 2024. (Docket No. 12). Defendant Ford Motor Company filed an Opposition on October 1, 2024. (Docket No. 13). Plaintiff filed a Reply on October 8, 2024. (Docket No. 16).

The Court has read and considered the Motion and held a hearing on **October 21**, **2024**.

For the reasons set forth below, the Motion is **GRANTED**, and this action is **REMANDED** to Riverside County Superior Court. Defendant has failed to meet its burden of demonstrating the amount in controversy exceeds the jurisdictional threshold.

I.   **BACKGROUND**

Plaintiff's claims arise from the purchase of a 2019 Ford Ranger (the "Subject Vehicle"). (Complaint (Docket No. 1-2) ¶ 7). Plaintiff alleges that existence of various defects in the Subject Vehicle, including but not limited to, transmission defects, engine defects, and electrical defects. (*Id.* ¶ 12). Plaintiff further alleges that Defendant failed to conform the Subject Vehicle to the applicable warranties. (*Id.* ¶ 16).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-01594-MWF (PVCx)             **Date:** November 7, 2024
**Title:** Johnnie Woods v. Ford Motor Company, et al.

Based on the above allegations, Plaintiff alleges violations of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790–1795.8, including breach of express and implied warranties. Plaintiff also brings a cause of action for fraudulent inducement – concealment. (*Id.* ¶¶ 50–89).

On May 13, 2024, Plaintiff commenced this action in Riverside County Superior Court. (*See generally id.*). On July 23, 2024, Plaintiff filed a Request for Dismissal of former defendant Fiesta Ford, Inc. (Motion at 8). Defendant removed this action on July 29, 2024, based on this Court's diversity jurisdiction. (Notice of Removal (Docket No. 1) at 2).

Plaintiff seeks to remand this action back to Riverside County Superior Court. (Motion at 7).

## II.   LEGAL STANDARD

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-01594-MWF (PVCx)                          Date:  November 7, 2024
Title:    Johnnie Woods v. Ford Motor Company, et al.

## III.  DISCUSSION

Plaintiff argues that Defendant's Notice of Removal failed to establish the amount in controversy.  (Motion at 8).  Plaintiff contends that the jurisdictional requirement is not met because the requested actual damages, civil penalties, and attorneys' fees, costs, and expenses are speculative.  (*Id*. at 13–24).

When it is unclear "from the face of the complaint whether the amount in controversy exceeds $75,000, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold."  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (internal citations and quotation marks omitted).  "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint."  *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).  Therefore, "[t]he ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe."  *Id.* (emphasis in original).

"[A] damages assessment may require a chain of reasoning that includes assumptions."  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015).  "When that is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them."  *Id.*  Thus, "a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions."  *Id.* at 1197.  "The parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'"  *Id.* (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

Actual damages under the Song-Beverly Consumer Warranty Act are "equal to the actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer."  Cal. Civ. Code § 1793.2(d)(2)(B)–(C).

In its Notice of Removal, Defendant contends that the amount-in-controversy requirement is met because (1) the "total cash price of the Subject Vehicle was $37,

---

**CIVIL MINUTES—GENERAL**                                                                 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 24-01594-MWF (PVCx) | **Date:** November 7, 2024 |
| **Title:** Johnnie Woods v. Ford Motor Company, et al. | |

262.64," (2) Plaintiff alleges he suffered "actual damages in an amount 'not less than $35,000.01,'" and (3) because Plaintiff has alleged he is entitled to a civil penalty of two times his actual damages, the civil penalty "could amount to at least $74,525.28, totaling $111,787.92." (Notice of Removal at 6). Defendant fails to account for any reduction in value of the Subject Vehicle. Instead, Defendant states in its Opposition that it has met its burden "even if the entire purchase price was deducted as an offset (which is far greater than any mileage offset under the statute) and even before several additional items of damages (including incidental damages, consequential damages, interest, and statutorily recoverable attorney fees) are considered." (Opposition at 7). The Court disagrees.

Defendant's calculation does not provide the Court with sufficient evidence "to reliably estimate actual damages." *Echemendia v. Subaru of Am., Inc.*, CV 20-09243-MCS (JEMx), 2020 WL 7311348, at *2 (C.D. Cal. Dec. 11, 2020) ("Defendant inexplicably cites the . . . purchase price as Plaintiff's actual damages without accounting for finance charges, evidence concerning when repairs were made, or anything else that could allow the Court to reliably estimate actual damages."); *see also Michael Day v. FCA US LLC*, EDCV 20-0615-FMO (Ex), 2020 WL 3047986, at *2 (C.D. Cal. June 8, 2020) ("[Defendant] has failed to take into account any reduction for the use of the vehicle . . . and thus has failed to show that the amount in controversy exceeds the jurisdictional threshold."); *Chajon v. Ford Motor Co.*, CV 18-10533-RGK (RAOx), 2019 WL 994019, at *1 (C.D. Cal. Jan. 8, 2019) ("While the Song-Beverly Warranty Act allows a plaintiff to recover the full purchase price of the car, this amount must be reduced to account for any use by plaintiff prior to the first repair of the vehicle. . . Without these facts, the Court is left with considerable doubt as to the amount in controversy.").

Several courts have found that the maximum recoverable civil penalty—two times Plaintiff's actual damages—should be considered for purposes of determining the amount in controversy. *See Amavizca v. Nissan N. Am., Inc.*, EDCV 22-02256-JAK (KK), 2023 WL 3020489, at *6 (C.D. Cal. Apr. 19, 2023) (collecting cases). "If the amount of actual damages is speculative, however, an attempt to determine the civil penalty is equally uncertain." *Chavez v. FCA US LLC*, CV 19-06003-ODW (GJSx),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-01594-MWF (PVCx)          Date: November 7, 2024
Title:     Johnnie Woods v. Ford Motor Company, et al.

2020 WL 468909, at *2 (C.D. Cal. Jan. 27, 2020). Because Defendant's calculation of actual damages is speculative, so too are its calculations of civil penalties.

    Defendant further argues that their attorneys' fees will bring the amount in controversy above the jurisdictional requirement. Specifically, Defendant states that "attorney fees and costs regularly exceed $100,000 when a case is litigated through trial." (Motion at 7); (*see also* Declaration of Elizabeth V. McNulty (Docket No. 1-6) at ¶ 5). Without evidence supporting the contention, however, "the Court cannot simply assume that [Plaintiff's attorneys'] fees will be sufficient to cross the jurisdictional threshold." *Vallejo v. Gen. Motors, LLC*, CV 19-10631-DMG (ASx), 2020 WL 1164949, at *3 (C.D. Cal. Mar. 11, 2020); *see also Eberle v. Jaguar Land Rover N. Am., LLC*, CV 18-06650-VAP (PLAx), 2018 WL 4674598, at *3 (C.D. Cal. Sept. 26, 2018) ("Courts have been reluctant to estimate reasonabl[e] attorneys' fees without knowing what the attorneys in the case bill, or being provided with 'evidence of attorneys' fees awards in similar cases.'").

    Lastly, Defendant argues "the jurisdictional amount is most definitely met" when considering Plaintiff's claim for punitive damages. (Motion at 8). To support its contention, Defendant provides a declaration from a separate case, in which another attorney from Plaintiff's counsel's firm stated his "formula for calculating punitive damages amounts to a ten-times (10x) multiplier of actual damages." (Motion at 4). Defendant, however, fails to provide sufficient evidence as to what the amount of claimed punitive damages might be in this case. Moreover, as discussed above, Defendant's calculation of actual damages is speculative, which ultimately makes its calculation for punitive damages, which is premised on Plaintiff's actual damages, equally speculative.

    Accordingly, the Motion is **GRANTED**, and this action is **REMANDED** to Riverside County Superior Court.

    IT IS SO ORDERED.